
# THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re

BEJA LOVE TURNER,

Debtor.

CHAPTER 13

CASE NO. 2: 20-09124-PS

**STIPULATED ORDER CONFIRMING CHAPTER 13 PLAN**

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|--------|--------|
| 1-60   | $1,715.00 |

The payments are due on or before the 8th day of each month commencing September 8, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue

- 1 -

In re: Turner
Case No. 2: 20-09124-PS

on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtors shall provide to the Trustee copies of their **federal** and **state** income tax returns for post-petition years 2020-2024 within 30 days of filing them. The purpose is to assist the Trustee in determining any change in Debtors' annual disposable income.

(2) Other Property. In the event that other property is submitted, it shall be treated as supplemental payments

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses:</u>

<u>Attorney Fees.</u> Tom McAvity, shall be allowed total compensation of $4,500.00. Counsel received $53.00 prior to filing this case and will be paid $4,447.00 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property:</u>
  (a) American Neighborhood Mortgage Acceptance Company, LLC dba AnnieMac Home Mortgage, secured by a first deed of trust in Debtor's residence shall be paid pre-petition arrears of $2,902.72, with 0% interest.

- 2 -

In re: Turner
Case No. 2: 20-09124-PS

(b) Creditor, American Neighborhood Mortgage Acceptance Company, LLC dba AnnieMac Home Mortgage shall be paid post-petition fees of $1,200.

(c) The Trustee will disburse the mortgage conduit payments beginning September 1, 2020 to AnnieMac Home Mortgage. The Trustee will disburse the mortgage conduit payments for the duration of the Plan, unless otherwise ordered. For any month when the funds on hand in the case are insufficient to allow the payment of a full conduit payment and any adequate protection payments on personal property that has become due, the Trustee will pay the conduit payment on the next disbursement date when the debtor(s) case has sufficient funds to pay a full conduit payment. If the Trustee receives a Notice of Payment Change filed by the creditor, the Trustee will adjust the plan payment amount to reflect the increase or decrease in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an order of the Court or a modification of the plan. See L.R.B.P. 2084-4.

(d) If and when a Notice of Payment Change is received, the Trustee will adjust the Plan payment to reflect the decrease or the increase in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an Order of the Court or a modification of the Plan.

(e) If mortgage lender files any notices for post-petition fees and expenses, within 21 days of the notice, the Debtor will remit an amended SOC to the Trustee. The amended SOC must provide for payment of the additional expenses, plus trustee fee, and increase plan yield accordingly.

(f) Westplaza HOA secured by a deed of trust in the Debtor's residence shall be paid a secured claim of $273.50. Regular post-petition assessments will be paid directly by the Debtor to Westplaza HOA.

(3) Claims Secured by Personal Property:

(a) Regional Acceptance Corporation, secured by a lien in 2020 Toyota Camry, shall be paid a secured claim of $32,522.10 with 6% interest. The creditor will receive adequate protection payments of $200 per month. The balance of the debt shall be classified as unsecured.

- 3 -

In re: Turner
Case No. 2: 20-09124-PS

(b) Conn Appliances, secured by a lien in Washer/Dryer, shall be paid a secured claim of $1,301.00 with 6% interest. The creditor will receive adequate protection payments of $25 per month. The balance of the debt shall be classified as unsecured.

(c) Conn Appliances, secured by a lien in furniture, shall be paid a secured claim of $800.00 with 6% interest. The creditor will receive adequate protection payments of $25 per month. The balance of the debt shall be classified as unsecured.

(4) <u>Unsecured Priority Claims:</u>

(a) None.

(5) <u>Surrendered Property:</u>

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

(a) None.

(6) <u>Other Provisions:</u> None.

(7) <u>Unsecured Nonpriority Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the

- 4 -

date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

**ORDER SIGNED ABOVE**

---

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

_____
Tom McAvity
Attorney for Debtors


_____
Jason P. Sherman
Lydia R. Tulin
Attorney for American Neighborhood Mortgage Acceptance Company, LLC


The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

- 5 -

In re: Turner
Case No. 2: 20-09124-PS

date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Edward J. Maney, Trustee

_____
Tom McAvity
Attorney for Debtors

_____
Jason P. Sherman
Lydia R. Tulin
Attorney for American Neighborhood Mortgage Acceptance Company, LLC

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

- 5 -

In re: Turner
Case No. 2: 20-09124-PS

_____
BEJA LOVE TURNER, DEBTOR

- 6 -